IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   3:05cr134/LAC
3:08cv16/LAC/MD

ALFREDO GARCIA

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 115). The government has filed a response (doc. 119) and the defendant has filed a reply (doc. 122). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in one count of a two count indictment with conspiracy to possess with intent to distribute one hundred kilograms or more of a mixture and substance containing a detectable amount of marijuana. (Doc. 29). The government filed a notice of enhancement information on December 16, 2005 providing that the defendant was subject to increased penalty provisions because of two prior felony drug convictions. (Doc. 41).

Defendant was represented by appointed counsel Edward Brian Lang. Following a jury trial, defendant was convicted of the conspiracy charge.[1] The jury specifically found that defendant's offense conduct involved fifty kilograms or more but less than one hundred kilograms or more of a mixture or substance containing a detectable amount of marijuana, which was less than the amount charged in the indictment.

The PSR reflected defendant's accountability for 90.72 kilograms (200 pounds) of marijuana, which was the quantity that defendant had specifically arranged for one conspirator to deliver to another. (PSR ¶ 24). The corresponding base offense level was 24. A two level obstruction of justice adjustment was applied due to defendant's conduct after his inadvertent release from the Escambia County Jail. (PSR ¶¶ 27-29). With a total offense level of 26 and a criminal history category of V, the applicable advisory guidelines range was 110 to 137 months.

Defendant objected to obstruction of justice adjustment and to the quantity of drugs attributed to him. After hearing testimony from the defendant relevant to the obstruction adjustment, and argument from counsel on both issues, the court overruled the objections. It sentenced defendant to a term of 120 months imprisonment, near the midpoint of the applicable guidelines range, followed by a six year term of supervised release. (Doc. 106 at 19).

Defendant appealed, contending that there was insufficient evidence against him because the only evidence against him was the testimony of an alleged co-conspirator who testified in hope of receiving a more lenient sentence, and that the district court erred in applying the two point obstruction of justice adjustment. The Eleventh Circuit Court of Appeal affirmed his conviction and sentence.

Defendant now contends that counsel was constitutionally ineffective and that his sentence should be adjusted because the sentencing range applicable to him has been lowered. The government opposes his motion.

---

[1] The facts surrounding the offense conduct are set forth in the government's responsive memorandum and the defendant's PSR and will not be repeated herein.

*Case No: 3:05cr134/LAC; 3:08cv16/LAC/MD*

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,*

Case 3:05-cr-00134-LC-MD   Document 124   Filed 05/29/08   Page 4 of 10

Page 4 of 10

175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002 (11th Cir. 2007). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir.

1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

<u>Quantity of Marijuana attributed to Defendant</u>

As noted above, the jury specifically found defendant accountable for 50 to 100 kilograms of marijuana. His base offense level of 24 corresponds to 80 to 100 kilograms of marijuana, as he was held accountable for 200 pounds (90.72 kilograms) of marijuana, the amount that he arranged for one co-conspirator to deliver to another. The correct amount, contends defendant, would have been 68 kilograms of marijuana that was actually seized. He erroneously represents in his memorandum that this quantity was proffered by no one for the court's consideration at sentencing, and also asserts without support that this was the exact quantity found by the jury, when actually the special verdict form

reflected a quantity range. Defendant maintains that any sentence over the guideline range for 68 kilograms (which carries a base offense level of 22) was a direct result of counsel's ineffectiveness.

      Defense counsel argued at sentencing that defendant should be held accountable only for 50 kilograms of marijuana and assigned the base offense level applicable to 40 to 60 kilograms of marijuana. Fifty kilograms was the lowest end of the range found by the jury. The Assistant United States Attorney took the position that defense counsel vastly understated the amount of drugs and argued that the court's only determination should be whether defendant should be held accountable for the 200 pounds of marijuana that were the subject of negotiations, or for the 151 pounds (68 kilograms) that actually came into the Northern District of Florida. The government argued, citing *United States v. Jones,* 36 F.3d 1068 (11th Cir. 1994) and *United States v. Tillman*, 8 F.3d 17 (11th Cir. 1993) that the defendant's sentence could appropriately be based on the negotiated amount. (Doc. 106 at 15). The court overruled the defense objection on a *Pinkerton*[2] theory. (Doc. 106 at 17-18). Defendant's insistence that the jury specifically found only 68 kilograms of marijuana attributable to him has no basis in fact, nor does his assertion that counsel was ineffective at sentencing for failing to convince the court that only the 68 pound quantity should be attributed to him. This quantity was clearly argued by defense counsel at sentencing, and the court found the greater base offense level to be appropriate in light of the evidence. Defendant does not suggest what additional argument counsel could or should have made that would have changed the outcome of the proceedings.

      To the extent defendant contends that counsel was ineffective for his failure to challenge the district court's finding on appeal, he has failed to establish that had counsel raised this issue, he would have prevailed. Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a

---

[2]*Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

*Case No: 3:05cr134/LAC; 3:08cv16/LAC/MD*

matter of professional judgment, decides not to do so. *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991); *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Barnes,* 463 U.S. at 751-52, 103 S.Ct. at 3313. The mere fact that one of the non-appealed issues might have been successful does not preclude a finding that the appellate advocacy, which must be judged in its entirety, was effective. *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed. 2d 434 (1986). To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court must examine the merits of the issues the defendant alleges counsel was derelict in not raising on appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988). Of course, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); see also *Lambrix v. Singletary*, 72 F.3d 1500, 1507 (11th Cir. 1996); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). Defendant's challenge to the district court's drug quantity finding is such a claim.

Defendant's citation to *United States v. Garcia*, 405 F.3d 1260 (11th Cir. 2005) is inapposite. In *Garcia*, despite the jury finding that the defendant was not responsible for more than 100 marijuana plants, the district court found him responsible for 312 plants. The case was reversed on appeal, not because the court used the preponderance of the evidence standard to reach this conclusion, but because its ultimate finding exceeded the maximum authorized by the jury verdict and because it applied the Guidelines as mandatory. *Garcia*, 405 F.3d at 1275-1276. Either the 68 kilograms argued by the defendant or the 90.72 kilograms ultimately found by the court were within the 50 to 100 kilogram range found by the jury. The district court properly calculated defendant's sentence. *See Gall v. United States*, ___ U.S. ___, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007) (setting forth post *Booker* sentencing procedures); *United States v. Pugh*, 515 F.3d 1179, 1190-91 (11th Cir. 2008). Drug quantity and other advisory Guidelines

enhancements may be based on a preponderance of the evidence, which was appropriately done in this case.  See *United States v. Rodriguez*, 398 F.3d 1291, 1297 (11th Cir. 2005).  Defendant has not shown constitutional ineffectiveness of either trial or appellate counsel.

### Retroactive Guidelines application

Defendant contends in his second ground for relief that his sentence should be reduced based on "amendment twelve" which he believes "is, or will be retroactively applied in this case pursuant to U.S.S.G. § 1B1.10 and would reduce his criminal history points and corresponding criminal history range.  The amendment referred to by the defendant is Sentencing Guideline Amendment 709, which alters the way certain prior convictions may be counted in calculating a defendant's criminal history category.  This Amendment, which became effective on November 1, 2007, more than one year after defendant was sentenced, was not made retroactive.  See U.S.S.G. § 1B1.10(c) (listing guidelines amendments eligible for retroactive effect).  In his reply, the defendant concedes that the government's position is correct.  (Doc. 122 at 2).

Based on the foregoing, it is respectfully RECOMMENDED:
The motion to vacate, set aside, or correct sentence (doc. 115)  be DENIED.

At Pensacola, Florida, this 29th day of May, 2008.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


*Case No: 3:05cr134/LAC; 3:08cv16/LAC/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).